| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| NEW YORK PACKAGING II, LLC,<br><br>Plaintiff,<br><br>– against –<br><br>SANECK INTERNATIONAL,<br><br>Defendant. | MEMORANDUM & ORDER<br><br>1:16-cv-03383 (ERK) (RLM) |

KORMAN, *J.*

After stops in Texas and Ohio, this dispute between sellers of plastic bags has come to the Eastern District of New York. Defendant Saneck International moves to dismiss on the grounds that one court is enough, and this court is not the one. Because this suit duplicates an earlier-filed one (now pending in the Southern District of Ohio), and the relative desirability of hearing this case in the Eastern District is not for this court to decide, the motion to dismiss is granted.

## BACKGROUND

The allegations underlying this case are simple enough: In 2014, New York Packaging II ("NYP") invested significant resources into developing a new style of deli bag, which has since become a significant commercial success. NYP has sought patent protection for the bag, but the application remains unpublished, and much information about the bag's design and manufacture remains nonpublic and proprietary. Saneck stands accused of wrongfully obtaining—from NYP's Chinese manufacturing partner—a significant quantity of bags that were produced embodying

NYP's trade secrets and selling them in the United States, as well as passing NYP's trade secrets on to third parties that are doing or preparing to do the same.

Out of these prosaic facts, NYP and Saneck have now spun no fewer than three separate federal cases. NYP struck the first blow, filing in the Southern District of Texas in May of 2016. That complaint asked relief for violations of the Texas Uniform Trade Secrets Act, as well as unfair competition and unjust enrichment under Texas law. But scarcely a month later, on June 21, NYP conceded that Saneck was not subject to personal jurisdiction in Texas. In light of that concession, the parties stipulated on July 7 to dismiss the Texas action without prejudice.

By then, Saneck had already loosed its own return salvo. A full month before the parties agreed to resolve the Texas action, Saneck sued in the Southern District of Ohio, seeking a declaration that Saneck has *not* misappropriated NYP's trade secrets, as well as affirmative relief founded on claims that NYP is the real wrongdoer here—that it has interfered with Saneck's supplier relationships, and asserted its own trade secret claims in bad faith. Saneck commenced the Ohio action on June 8, but did not serve NYP until August 19. That case is still pending.

Finally, on June 22, in the lull between filing and service in the Ohio action, NYP filed its complaint here. This complaint, which NYP served on July 20, asserts a federal claim for misappropriation of trade secrets, and four claims under New York law—unfair competition, tortious interference with a contractual and/or business relationship, unjust enrichment, and a parallel claim for misappropriation of trade secrets. Saneck has moved to dismiss, arguing that because this case and the Ohio action are essentially duplicates, the first-filed rule requires that this one be discarded in favor of the earlier-filed Ohio proceeding.

**DISCUSSION**

"As a general rule, where there are two competing lawsuits, the first suit should have priority." *Employers Ins. of Wausau v. Fox Entertainment Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (internal quotation marks omitted). The first-filed "rule," however, "does not constitute an invariable mandate." *Id.* at 275. To be sure, the rule represents a strong presumption in favor of the earlier-filed action—just not an irrebuttable one. The party resisting dismissal may overcome the rule's application by making appropriate showings that demonstrate the "desirability of proceeding in the forum of the second-filed action." *Id.* (quoting *Berisford Capital Corp. v. Cent. States Se. & Sw. Areas Pension Fund*, 677 F. Supp. 220, 222 (S.D.N.Y. 1988)).

A.     The Ohio Action is Entitled to the Benefit of the First-Filed Rule

NYP does not dispute that this case and the Ohio action present "identical or substantially similar parties and claims." *Spotless Enters., Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (Spatt, J.) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992)). So at the threshold—not to mention the risk of stating the obvious—to win dismissal under the first-filed rule, Saneck has to show that the Ohio action was actually *filed first*.

NYP strenuously argues that the Ohio action cannot be treated as first filed, because it was actually second to the long-since-dismissed Texas action. No one could quibble with NYP's chronology—the Texas action certainly has pride of place in that sense. But the legal question is not merely which clerk of court was the first to stamp a complaint **FILED**, but which court was the first to actually "obtain[] jurisdiction over the parties and the issues," *AEI Life, LLC v. Lincoln Benefit Life Co.*, 305 F.R.D. 37, 44–45 (E.D.N.Y. 2015) (Weinstein, J.), and in that respect the Ohio action is without peer. NYP may have been the first *party* to file, but its first filing failed, and Saneck stepped into the breach. No matter how speedily launched, its Lone Star misadventure

does not now give NYP *carte blanche* to file in any forum it wishes with assurances of priority over Saneck's earlier-filed action. As the Second Circuit has held, the first-filed rule is not simply "a prize to the winner of a race to the courthouses." *Employers Ins. of Wausau*, 522 F.3d at 275.

Nor is NYP's later-filed New York action saved by the fact that it was served before the Ohio complaint was served. The Second Circuit has never decided what, if any, force the order of service should have in a district judge's decision to apply the first-filed rule. Moreover, although some district courts in this circuit have considered the order of service, it appears that none has ever accorded it dispositive weight. *See Everest Capital Ltd. v. Everest Funds Mgmt. L.L.C.*, 178 F. Supp. 2d 459, 463 (S.D.N.Y. 2002) (collecting cases). The best view seems to be that, to the extent it matters at all, "which complaint was served first is a point of slight relevancy" that will not carry the day absent a rare showing of injustice stemming from tardy service. *See GlycoBioSciences, Inc. v. Nycomed US, Inc.*, 2012 WL 540928, at *3 (E.D.N.Y. 2012) (Seybert, J.) (internal quotation marks omitted). NYP has made no such showing here, and there is no need to go further.

B.     Whether This Court Is the Superior Forum Is for the Southern District of Ohio to Decide

Every circuit has recognized certain "exceptions" to the first-filed rule, keyed to showings that the forum of the second-filed action is actually more desirable than that of the first. The Second Circuit recognizes two. The first-filed rule may be disregarded "where special circumstances warrant giving priority to the second suit." *Employers Ins. of Wausau*. 522 F.3d at 275 (internal quotation marks omitted). Such special circumstances are rarely recognized, but the paradigmatic example is where a declaratory judgment action is filed in anticipation of pending litigation, and purely in order to secure the first-moving party's choice of venue. *Id.* Where no such special circumstances exist, the first-filed rule may nevertheless be set aside "where the balance of

convenience favors the second-filed action"—an inquiry that basically duplicates that applicable to a motion to transfer venue. *Id.* (internal quotation marks omitted).

NYP devotes a significant portion of its opposition to arguing that the first-filed rule does not apply here because the Ohio action is a disfavored anticipatory suit for a declaratory judgment. That question, however, is properly put to the Southern District of Ohio rather than this court. The broadly accepted rule is that, for the sake of judicial economy and the orderly administration of justice, the court with jurisdiction over the first-filed action "is the appropriate forum to balance all relevant . . . factors and determine whether they warrant departure from the first-to-file rule's presumption." *Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 328–29 (E.D.N.Y. 2014) (Bianco, J.).

After all, if the first-filed court decides that another district is the better venue, 28 U.S.C. § 1404 allows it to simply transfer the case away, with no risk of duplicative litigation. But if a court with a later-filed case concludes that some exception to the first-filed rule applies, it has no way to divest the first-filed forum of jurisdiction in order to consolidate the two actions. *Id.* "Instead, the first-filed court would have to decide for itself whether to transfer the first-filed action to the second-filed court, which would require an entirely duplicative round of briefing by the parties and analysis by the court." *Id.* at 329 (quoting *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 130 (D. Mass. 2012)) (internal quotation marks omitted). The issues raised in NYP's opposition motion that go to the relative merits of the two potential fora are properly addressed to the Southern District of Ohio in a motion to transfer venue. Indeed, the Ohio action's docket sheet, of which this court may take judicial notice, shows that such a motion is already pending.

## CONCLUSION

Because Saneck has made out a prima facie case for applying the first-filed rule, and the applicability of any exception is for the Southern District of Ohio to decide, Saneck's motion to dismiss is granted and the complaint is dismissed without prejudice. Because dismissal is proper under the first-filed rule, there is no need to reach the question—raised in NYP's opposition despite Saneck's express reservation for another day of any motion to dismiss on that ground—of whether Saneck is subject to personal jurisdiction in New York.

**SO ORDERED.**

Brooklyn, New York
February 7, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge